UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSE GARCIA,

Plaintiff,

v.

GARDA CL NEW ENGLAND, INC.; GARY HOLLAND; MICHAEL KELLY; and MICHAEL ZANATTA,

Defendants.

CIVIL ACTION NO. 1:15-cv-13093

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF SPECIAL MOTION TO DISMISS**

Defendants Garda CL New England, Inc. ("Garda"), Gary Holland, Michael Kelly, and Michael Zanatta (collectively, "Defendants"), hereby bring this special motion to dismiss under M.G.L. c. 231, § 59H, the "anti-SLAPP" statute, because Plaintiff Jose Garcia's Complaint is based upon Defendants' protected petitioning activity. Alternatively, Defendants move under Rule 12(b)(6) to dismiss the Complaint, because Plaintiff's Complaint does not state a plausible claim for relief. Under either ground, the Court should dismiss this case, with prejudice.

## I. FACTUAL BACKGROUND[1]

Plaintiff Jose Garcia formerly worked for Garda as an armored car driver, working out of its Springfield branch. Compl. ¶¶ 7, 10. Plaintiff alleges that on or about January 15, 2013, Holland, the Branch Manager of the Springfield branch, prepared and distributed to other Garda personnel a written "Security Incident Report" that supposedly stated that Plaintiff had participated in the theft of $76,000 on or about December 20, 2012. Compl. ¶¶ 10-11, 17-18.

[1] Plaintiff's factual allegations are taken as true only for purposes of this motion.

Holland purportedly told Kelly, a corporate security investigator for Garda, that Plaintiff had participated in the theft. *Id.*¶¶ 13, 19.

Plaintiff alleges he was interviewed by Kelly and Zanatta, another corporate security investigator for Garda, on or about January 18, 2013. During the interview, Plaintiff claims Kelly and Zanatta accused him of stealing money from Garda; told Plaintiff that a particular co-worker must be responsible if Plaintiff did not take the money; "threatened [Plaintiff] that he would be fired if he did not implicate" the co-worker; and told Plaintiff "that Holland would get in trouble if [Plaintiff] didn't say that [the co-worker] took the money." Plaintiff claims he denied taking the money and denied any knowledge of his co-worker taking the money. *Id.* ¶¶ 15, 20-25.

Plaintiff claims that Kelly, Zanatta and Holland reported to the Springfield Police Department ("SPD") that Plaintiff had participated in the theft of $76,000 from Garda in December 2012. *Id.* ¶¶ 27-30. The Clerk-Magistrate of the Springfield District Court issued a criminal complaint, charging Plaintiff with larceny, as a result of which Plaintiff was arrested on or about January 30, 2013. *Id.* ¶¶ 31, 34.

On or about February 8, 2013, Holland allegedly prepared and distributed to other Garda personnel a written "Security Incident Report," stating that Plaintiff had participated in the theft of approximately $32,000 on or about January 2, 2013. *Id.* ¶¶ 40-41.

On or about February 15, 2013, Holland, Kelly and Zanatta allegedly communicated with the SPD, and said that Plaintiff had participated in the January 2013 theft and the theft of approximately $45,000 in September 2012. *Id.* ¶¶ 42-47, 49-50. Two criminal complaints issued in connection with the September 2012 and January 2013 thefts, charging Plaintiff with two counts of larceny and using a firearm during the commission of a felony. *Id.* ¶¶ 48, 51.

On July 2, 2013, a Hampden County Grand Jury indicted Plaintiff for felony larceny and possessing a firearm during the commission of a felony, in connection with the December 2012 theft. *Id.* ¶ 52. On September 24, 2014, the Superior Court ordered that the indictments against Plaintiff be dismissed "due to Garda's negligent and reckless failure to preserve and produce relevant evidence." *Id.* ¶ 69.

Plaintiff's Complaint asserts five claims against Defendants: (1) defamation of character; (2) malicious prosecution; (3) violation of civil rights; (4) intentional or reckless infliction of emotional distress; and (5) negligent infliction of emotional distress.

## II. DISCUSSION

### A. The Anti-SLAPP Statute

The Massachusetts anti-SLAPP statute, M.G.L. c. 231, § 59H,[2] "protects the exercise of the right of petition under the constitution of the United States or of the Commonwealth, by creating a procedural mechanism, in the form of a special motion to dismiss, for the expedient resolution of suits designed to deter or retaliate against individuals who seek to exercise their right of petition." *Wenger v. Aceto*, 451 Mass. 1, 4 (2008). A special motion to dismiss under this statute triggers a two-step burden-shifting procedure. First, "the party seeking dismissal (the defendant) must demonstrate, through pleadings and affidavits, that the plaintiff's claims are based on petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." *Id.* at 5. If this is proven, "then the burden shifts to the nonmoving party (the plaintiff) to demonstrate, again by pleadings and affidavits, that the moving party's petitioning activities were devoid of any reasonable factual support or any arguable basis in law" and "the petitioning activities caused actual injury to the responding party." *Id.* Upon filing an anti-SLAPP motion, "all discovery proceedings shall be stayed," and "the stay of discovery shall

2 "SLAPP" is short for "strategic litigation against public participation."

remain in effect until notice of entry of the order ruling on the special motion." M.G.L. c. 231, § 59H. "If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees." *Id.*

The First Circuit has confirmed that anti-SLAPP statutes are applicable to state-law claims in federal court proceedings, as here. *See Godin v. Schencks*, 629 F.3d 79, 92 (1st Cir. 2010); *Bargantine v. Mechs. Coop. Bank*, 2013 U.S. Dist. LEXIS 169284, *7 (D. Mass. Nov. 26, 2013) (applying Massachusetts anti-SLAPP law and granting special motion to dismiss in part).

**B. Plaintiff's Claims Are Barred by Massachusetts' Anti-SLAPP Statute**

Based on this rubric, it is clear that Plaintiffs' claims are barred by the anti-SLAPP statute. Defendants engaged in "petitioning activities," as they investigated and then reported a suspected theft to the SPD. "Reporting suspected criminal activity to the police and filing criminal complaints are activities the anti-SLAPP statute firmly protects."[3] *Keegan v. Pellerin*, 76 Mass. App. Ct. 186, 190 (2010); *see also Benoit v. Frederickson*, 454 Mass. 148, 153 (2009) (report to police "which initiates the filing of a criminal complaint, is a petitioning activity encompassed within the protection afforded by G.L. c. 231, § 56H."); *Wenger*, 451 Mass. at 5-6 (2008) (filing criminal complaint for larceny constituted petitioning activity). Likewise, Plaintiff's claims are "based on" Defendants' petitioning activities, as they all arise out of the investigation and report of theft to the police. *See Keegan*, 76 Mass. App. Ct. at 190 (defamation claims were "related to" communications with police); *Benoit*, 454 Mass. at 153 (same; malicious prosecution and defamation); *Wenger*, 451 Mass. at 5-6 (same; malicious prosecution).

Having shown that the Complaint was based on petitioning activity, this "shifts the burden to [Plaintiff], and that burden is difficult to meet." *Keegan*, 76 Mass. App. Ct. at 190. For his claim to go forward, Plaintiff needs to establish that "no reasonable person could

[3] The petitioning activity does not need to be an issue of "public concern." *Wenger*, 451 Mass. at 5.

conclude that [Defendants'] report to the police was supported either in fact or in law." *Id.* (citing *North Am. Expositions Co. Ltd. Partnership v. Corcoran*, 452 Mass. 852, 865-866 (2009)). Plaintiff cannot meet his burden if there is any indication that Defendants "had reasonable factual support for [their] report, even if the report turns out to have been erroneous." *Id.* Here, Defendants were reasonable in assuming that Plaintiff, an armored car driver at the Springfield branch, was involved in the theft of money from that branch; indeed, a grand jury indicted him for this crime. (Notably, the criminal case against Plaintiff was only dismissed for failure to provide discovery, not on the merits.) Plaintiff will therefore be unable to meet his burden.

This case is closely similar to *Hashem v. Filene's, Inc.*, 16 Mass.L.Rptr. 622, 2003 WL 22049513 (Mass. Super. Ct. May 23, 2003). There, as here, the defendant conducted an investigation into a theft and reported their suspicions regarding the plaintiff to the police, who in turn arrested the plaintiff. *Id.* at *4. The court granted an anti-SLAPP special motion and dismissed claims of negligent investigation, malicious prosecution and slander, finding the defendants were "reasonable in bringing the problem to the police" and "had a right to investigate the loss." *Id.* at *4. So too here. Defendants clearly were reasonable in investigating the loss of over $100,000, and in reporting the suspected theft to the police. Plaintiff's case should be dismissed, with prejudice.

**C. Plaintiff Also Fails to State a Claim for Relief**

Setting aside the anti-SLAPP statute, Plaintiff's Complaint should also be dismissed because it fails to state a claim for relief. To survive a motion to dismiss, a complaint must set forth <u>factual content</u> from which the Court may draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must "nudge the claims across the line from conceivable to plausible." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). A plaintiff is not entitled to discovery if his complaint does not meet this Rule 8 plausibility standard. *Iqbal*, 556 U.S. at 678-79 ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). While the Court must accept the factual allegations in the complaint as true, the same is not true with respect to bald assertions, subjective characterizations, or legal conclusions. *Iqbal*, 556 U.S. at 678 (reversing denial of motion to dismiss for failure to state a claim upon finding that, after conclusory allegations were disregarded, the remaining allegations failed to establish a plausible claim). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As the Supreme Court explained, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Moreover, "affirmative defenses … may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F. 3d 315, 320 (1st Cir. 2008).

Plaintiff's Complaint either fails to state a claim for relief under the *Iqbal* / *Twombly* standard, or presents facts that make clear that Defendants have indisputable affirmative defenses. The Complaint should thus be dismissed, with prejudice.

**1. Plaintiff's Defamation Claim Fails Because Any Alleged Defamatory Communications Were Privileged**

Count I for defamation should be dismissed because Plaintiff's Complaint shows on its face that Defendants' communications were privileged. "Defamation is the publication of material by one without a privilege to do so which ridicules or treats the plaintiff with contempt." *Correllas v. Viveiros*, 410 Mass. 314, 322-23 (1991) (emphasis added). "Defamation actions are disfavored under the law, and the hurdles to proof of such a claim are very high." *Stanton v. Metro Corp*., 357 F. Supp. 2d 369, 383 (D.Mass. 2006), *rev'd on other grounds* 438 F.3d 119 (1st Cir. 2006. Plaintiff does not surmount those hurdles in this case. In support of his defamation claim, Plaintiff vaguely alleges that "the statements and written reports of Holland, Kelly and Zanatta which asserted that [Plaintiff] had committed one or more criminal acts were false." Compl. ¶ 73. The "statements and written reports of Holland, Kelly and Zanatta" all fall within two categories: communications with the SPD, and internal communications within Garda to other Garda personnel. These are all privileged, and therefore not actionable.

**a. Defendants' Communications with the SPD Are Absolutely Privileged**

"Statements made to police or prosecutors prior to trial are absolutely privileged if they are made in the context of a proposed judicial proceeding." *Correllas*, 410 Mass. at 320-21. Such statements "cannot support a claim of defamation, even if uttered with malice or in bad faith." *Id*. This privilege applies to applications for a criminal complaint. *Boyle v. Barnstable Police Dep't*, 818 F. Supp. 2d 284, 308 (D. Mass. 2011); *see also O'Connell v. Bank of Boston*, 37 Mass. App. Ct. 416, 421 (1994) (employer "having sworn out the criminal complaint" was "the subject of an absolute privilege"). Because Plaintiff's allegations "reveal on their face that the defendants' [statements to the police] were protected by the absolute privilege," such claims must be dismissed. *Cuddy v. Kueker*, 7 Mass. App. Ct. 896 (1979) (affirming motion to

dismiss).

**b. The Remaining Alleged Statements by Defendants Are Conditionally Privileged**

The only remaining statements at issue are internal communications within Garda. It is well established that "an employer has a conditional privilege to disclose defamatory information concerning an employee when the publication is reasonably necessary to serve the employer's legitimate interest in the fitness of an employee to perform his or her job." *Bratt v. Int'l Bus. Machs. Corp.*, 392 Mass. 508, 509 (1984). Massachusetts courts similarly have recognized a common interest privilege, where the publisher and recipient of defamatory information "have a common interest, and the communication is of a kind reasonably calculated to protect or further it." *Id.* at 513 n.8 (internal quotations omitted). And where an employer, "having reasonable cause to believe that someone had been stealing property," seeks "to discover the guilty party for its own protection … [and] charge[s] the plaintiff with theft, the words would be privileged." *Galvin v. New York, New Haven & Hartford R.R.*, 341 Mass. 293, 296 (1960). Here, it is plain that Garda's employees had a legitimate interest in communicating information regarding a suspected theft of Garda property. Accordingly, the publication of such information to other Garda employees was conditionally privileged. *See id.*

A conditional privilege is lost only if the communication was motivated by malice or if there was an unnecessary, unreasonable or excessive publication. *Bratt*, 392 Mass. at 509. A claimant must plead facts sufficient "to overcome the company's conditional privilege" in order to state a claim; otherwise, the case is subject to dismissal. *McCone v. New England Tel. & Tel. Co.*, 393 Mass. 231, 236 (1984) (affirming motion to dismiss). Here, Plaintiff does not offer <u>any</u> plausible allegations that would suggest malice or excessive publication. This case is similar to one recently decided by this Court, *Barthelmes v. Kimberly-Clark Corp.*, where the Court

granted the former employer's motion to dismiss "because the plaintiff had not alleged the statements had been recklessly published to outsiders." No. 13-30164-MGM, 2015 WL 1431156, at *8 (D. Mass. Mar. 27, 2015) (citing *Galdauckas v. Interstate Hotels Corp. No. 16,* 901 F.Supp. 454, 471 (D.Mass.1995)). Likewise here, all Plaintiff alleges is that Holland sent certain reports "to other individuals employed by or working on behalf of Garda," while he was "acting within the scope of [his] employment." Compl. ¶ 18, 75. Accordingly, Plaintiff has not alleged facts showing that Defendants forfeited their privilege, and he therefore has not stated a plausible claim of defamation.[4] Count I should therefore be dismissed.

**2. Plaintiff's Claim for Malicious Prosecution Should Be Dismissed Because He Alleges No Plausible Facts to Support His Conclusory Allegations**

Plaintiff's malicious prosecution claim (Count II) should be dismissed for failure to state a claim. For this, Plaintiff is "required to show that he suffered damages because [Defendants] instituted criminal proceedings against him with malice and without probable cause, and that the proceedings terminated in his favor." *Foley v. Polaroid Corp.*, 400 Mass. 82, 100 (1984). For the malice element, Plaintiff must demonstrate that Defendants "knew there was <u>no probable cause</u> for the prosecution, and that [Defendants] <u>acted with an improper motive</u>." *Id.* (emphasis added).

Plaintiff offers only bald conclusions to satisfy this claim. Plaintiff broadly alleges that Defendants "knew or should have known" that there was no probable cause to believe that he was involved in the thefts, without elaboration, and therefore does not sufficiently plead a lack of probable cause. Compl. ¶¶ 28, 30, 43, 45, 47, 50. Moreover, there are no tangible allegations of improper motive in the Complaint whatsoever; Plaintiff merely recites this element without

[4] Plaintiff may argue that Defendants' disclosures to the SPD were only conditionally privileged. While Defendants dispute this, even if the conditional privilege applied, regardless, nothing in the Complaint shows that those communications were motivated by malice or were excessive in scope so as to invalidate the conditional privilege.

factual support. Compl. ¶ 79. Plaintiff's "conclusory allegations … that the defendants acted maliciously, without any factual allegations to support an improper motive, [are] insufficient to state a claim," and therefore Count II should be dismissed. *Wilmot v. Tracey*, 938 F. Supp. 2d 116, 149 (D. Mass. 2013) (granting motion to dismiss malicious prosecution claim).

**3. Plaintiff Does Not State a Claim Under the Massachusetts Civil Rights Act Because He Alleges No Facts Showing That Defendants Threatened, Intimidated or Coerced Him to Give up a Legal Right**

Plaintiff's claim under the Massachusetts Civil Rights Act ("MCRA") (Count III) is also deficient. To establish this claim, Plaintiff must show that Defendants "[1] interfere[d] with a secured right [2] by threats, intimidation or coercion." *Nolan v. CN8*, 656 F.3d 71, 76 (1st Cir. 2011). For the first element, the Complaint does not even identify what "secured right" Defendants supposedly interfered with. To the extent it was his employment with Garda, the caselaw is clear that is not a "secured right within the meaning of the MCRA." *Flesner v. Technical Commc'ns Corp.*, 410 Mass. 805, 818-19 (1991).

As for the second element, "threats, intimidation or coercion," all Plaintiff points to is Kelly and Zanatta interviewing him on January 18, 2013. Compl. ¶ 82. The only thing alleged in the Complaint that even comes close to a "threat" at that interview is "Kelly and Zanatta threaten[ing] Garcia that he would be fired if he did not implicate his co-worker." Compl. ¶ 23. Yet it is well established that a threat of termination does not constitute "threats, intimidation or coercion" under the MCRA.[5] *Nolan*, 656 F.3d at 77-78; *see Webster v. Motorola, Inc.*, 418 Mass. 425, 637 N.E.2d 203, 206 (1994) (threatening loss of employment was not actionable under MCRA); *Delmonte v. Laidlaw Envt'l Servs., Inc.*, 46 F.Supp.2d. 89, 93 (D.Mass. 1999) (same). Because Plaintiff has not, and cannot, allege that Defendants threatened, intimidated, or

[5] While not pled here, the malicious prosecution allegations cannot support a MCRA claim, either. *See Grant v. John Hancock Mut., Life Ins. Co.*, 183 F. Supp. 2d 344, 373 (D. Mass. 2002) ("The fact that [plaintiff] might have been subject to a malicious prosecution does not rise to the level of a civil rights violation under the MCRA").

coerced him in an effort to cause him to give up any secured right, his MCRA claim must be dismissed.

**4. Plaintiff's Claims for Negligent and Intentional Infliction of Emotional Distress Are Barred by Workers' Compensation Exclusivity**

Plaintiff's claims for negligent infliction of emotional distress (Count IV) and international infliction of emotional distress (Count V) should be dismissed because they are barred by the exclusivity provision of Massachusetts' Workers' Compensation Act ("WCA"), M.G.L. c. 152, § 24. "The exclusivity provision of the [WCA] precludes an action against an employer for intentional infliction of emotional distress." *Doe v. Purity Supreme, Inc.*, 422 Mass. 563, 565 (1996); *see Estate of Moulton v. Puopolo*, 467 Mass. 478, 482-83 (2014) ("compensation under the [WCA] is the exclusive remedy for injuries to an employee suffered in the course of employment, regardless of the wrongfulness of the employer's conduct, or the foreseeability of harm"). If Plaintiff believes Garda intentionally or negligently inflicted distress on him, his sole recourse is through workers' compensation. *See Purity Supreme*, 422 Mass. at 565 (claims for intentional infliction barred by workers' compensation); *Green v. Wyman-Gordon Co.*, 442 Mass. 551, 560-61 (1996) (same); *Ahanotu v. Mass. Tpk. Auth.*, 466 F. Supp. 2d 378, 389 (D. Mass. 2006) (dismissing plaintiff's claims against his former employer for intentional and negligent infliction of emotional distress).

The exclusivity provision of the Act also applies to bar an employee from recovering from a fellow employee if the co-worker also was acting in the course of employment. *Anzalone v. MBTA*, 403 Mass. 119, 124 (1988). Counts IV and V unmistakably allege that Holland, Kelly and Zanatta were "acting on behalf of Garda" and "acting within the scope of their employment," Compl. ¶¶ 88, 95. The claims against the individual Defendants are therefore barred by the

WCA as well. *See Anzalone*, 403 Mass. at 124 (dismissing emotional distress claim against co-worker).

## III. CONCLUSION

For the foregoing reasons, Defendants request that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice. To the extent the Court grants Defendants' motion pursuant to the anti-SLAPP statute, Defendants request their reasonable attorneys' fees and costs incurred in connection with defending this matter. Per M.G.L. c. 231, § 59H, Defendants further request that the Court stay all discovery until this Motion is decided.

Respectfully submitted,

GARDA CL NEW ENGLAND, INC., GARY HOLLAND, MICHAEL KELLY, and MICHAEL ZANATTA

By their attorneys,

/s/ Stephen T. Melnick

Stephen T. Melnick (BBO No. 667323)
Joseph A. Lazazzero (BBO No. 682118)
**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA 02110
Phone 617.378.6000
Fax 617.737.0052
smelnick@littler.com
jlazazzero@littler.com

August 13, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 13th day of August, 2015, a true and accurate copy of the foregoing pleading, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Stephen T. Melnick
Stephen T. Melnick

Firmwide:135056242.2 076783.1000