UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JOSE GARCIA,                     )
Plaintiff,                       )
                                 )
                                 ) C.A. No. 15-cv-13093-MAP
GARDA CL NEW ENGLAND, INC.,      )
ET Al,                           )
Defendants.                      )
```

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION TO DISMISS
(Dkt. No. 8)

December 14, 2015

PONSOR, U.S.D.J.

Plaintiff was formerly employed as an armored car driver by Defendant Garda CL New England, Inc. He alleges that he was charged with theft based upon false information given to prosecutorial authorities by Defendants. Defendants have filed a "Special Motion to Dismiss" under Mass. Gen. Laws ch. 231, § 59H, the so-called "anti-SLAPP" statute, and under Fed. R. Civ. P. 12(b)(6).

The motion to dismiss relying upon § 59H is hereby DENIED, without prejudice, in order to permit Plaintiff to conduct discovery as contemplated by the statute. The schedule for completion of discovery will be set forth in a separate scheduling order.

The motion to dismiss, in so far as it relies on Fed. R. Civ. P. 12(b)(6), is hereby ALLOWED as to any claim pursuant to the Massachusetts Civil Rights Act, Mass. Gen.

Laws Annotated ch. 12, § 11H ("MCRA").  First Circuit law makes clear that the termination, or threatened termination, of an at-will employee may not be deemed coercive for purposes of the MCRA.  <u>Nolan v. CNS</u>, 656 F.3d 71, 77 (1st. Cir. 2011); <u>Drexler v. Tel Nexx, Inc.</u>, __ F. Supp. 3rd __ (D. Mass. 2015), 2015 WL 5096466 (D. Mass. Aug. 28, 2015).  In all other respects, the motion to dismiss based on Fed. R. Civ. P. 12(b)(6) is hereby DENIED.

   The incorporated motions for fees and for costs are hereby DENIED.  The motion for hearing is DENIED, as moot.

   It is So Ordered.

                    /s/ Michael A. Ponsor
                    MICHAEL A. PONSOR
                    U. S. District Judge